STATE of Wisconsin, Plaintiff-Respondent,

v.

Brian N. JACOBS, Defendant-Appellant.

Court of Appeals

*No. 2006AP2076–CR. Submitted on briefs April 3, 2007.
—Decided May 1, 2007.*

2007 WI App 155

(Also reported in 735 N.W.2d 535.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Joan M. Boyd* of Shawano.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Maura FJ Whelan*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Brian Jacobs appeals a judgment of conviction for being a felon in possession of a firearm contrary to Wis. Stat. § 941.29 (2005–06) and an order denying his motion to dismiss. Jacobs was arrested after officer Joseph Miller observed him hunting with a "black powder or muzzle loading firearm" on the reservation of the Stockbridge-Munsee tribe to which Jacobs belongs.

¶ 2. Jacobs moved to dismiss for lack of jurisdiction. He asserted he was exercising his tribal hunting rights, protected by treaty and exempt from State regulation. The court concluded the State was enforcing its criminal laws, not regulating hunting, and denied the motion. Jacobs then pled no contest to the charge and was fined $365.

¶ 3. Whether the court had jurisdiction is a question of law we review de novo. *See State v. Burgess*, 2003 WI 71, ¶ 8, 262 Wis. 2d 354, 665 N.W.2d 124. Here, Jacobs concedes that 18 U.S.C. § 1162(a) (2006), gives

the State "jurisdiction over [criminal] offenses committed by . . . Indians " on all "Indian country" within the state. He asserts, however, that WIS. STAT. § 941.29 contradicts 18 U.S.C. § 1162(b), which prohibits the State from "depriv[ing] any Indian . . . of any right, privilege, or immunity afforded under Federal treaty . . . ." He claims the right to hunt is protected by an 1856 treaty between the United States and his tribe.

¶ 4. WISCONSIN STAT. § 941.29 is not specifically a hunting restriction or regulation but, rather, a generally applicable, neutral criminal statute. Thus, application of § 941.29 does not, in and of itself, make Jacobs' exercise of treaty hunting rights illegal. Rather, Jacobs' own actions in committing a felony have limited him from fully enjoying those rights. *See United States v. Three Winchester 30–30 Caliber Level Action Carbines*, 504 F.2d 1288, 1292 (7th Cir. 1974). The effect that § 941.29 has on Jacobs' ability to possess a weapon is an incidental result of his own conduct. *See United States v. Gallaher*, 275 F.3d 784, 789 (9th Cir. 2001). The circuit court had jurisdiction.[1]

*By the Court.*—Judgment and order affirmed.

---

[1] To the extent Jacobs raises additional arguments for the first time in his reply brief, we decline to consider them. *Northwest Wholesale Lumber, Inc. v. Anderson*, 191 Wis. 2d 278, 294 n.11, 528 N.W.2d 502 (Ct. App. 1995).